IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RISHI H. PATEL, | § | |
| | § | No. 270, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below:  Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1610017356 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:   October 9, 2018
Decided:     December 21, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

(1)     The appellant, Rishi H. Patel, filed this appeal from a sentence imposed on April 24, 2018 for a violation of probation ("VOP").  Patel objects to the Level V portion of the sentence, claiming that he should have been sentenced to a lower level of supervision, and he asks for a sentence modification. The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Patel's opening brief that the appeal is without merit.  We agree and affirm.

(2)     Appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[1]  When sentencing a defendant for a VOP, 11 *Del. C.* § 4334(c) authorizes the Superior Court to impose any period of incarceration—up to and including the balance of incarceration remaining on the original sentence—so long as the defendant is given credit for all incarceration previously served and the sentence does not exceed the incarceration that a prior iteration of the sentence left suspended.[2]   In this case, the record does not reflect, and Patel does not allege, that the VOP sentence exceeded statutory limits or the balance of incarceration remaining on the sentence.  Mr. Patel would be wise to heed the words of wisdom from Judge Carpenter at sentencing.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1] *Shoates v. State*, 2018 WL 3912033 (Del. Aug. 14, 2018) (citing *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006)).
[2] *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).